UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by RGS D.C.
NOV 18 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Case No. **09-23508**

MARILYN BENITEZ and MARIBEL BENITEZ,

Plaintiffs,

vs.

RSJ INVESTMENTS, INC., d.b.a. RSJ Chevron, a
Florida corporation, and RAMESH DADLANI,
individually,

Defendants.

**CIV-GRAHAM**

/TORRES

_____/

## COMPLAINT

Plaintiffs, Marilyn Benitez and Maribel Benitez, by and through undersigned counsel, sue Defendant, RSJ Investments, Inc., a Florida corporation and state:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§201-216. (Hereinafter referred to as "FLSA").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 1331 because this matter arises under the laws of the United States of America, specifically the FLSA, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement).

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. Plaintiffs Marilyn Benitez and Maribel Benitez were, at all times material hereto, residents of Miami-Dade County, Florida, *sui juris*.

5. Defendant, RSJ Investments, Inc., d.b.a. RSJ Chevron ("RSJ Investments") is a corporation that regularly transacts business within Miami-Dade County, and has its place of business at 2545 NW 42nd Ave, Miami, FL 33142.

6. At all relevant times herein, said Defendant RSJ Investments has been an enterprise engaged in commerce or in the production of goods for commerce pursuant to Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

7. At all relevant times herein, said Defendant RSJ Investments had annual gross receipts exceeding $500,000.00.

8. At all relevant times herein, said Defendant RSJ Investments regularly owned and operated a business, and utilized goods which moved in interstate commerce.

9. At all relevant times herein, Defendant RSJ Investments had at least one employee engaged in "interstate commerce" under the FLSA.

10. Alternatively, at all relevant times herein, said Defendant was an enterprise engaged in commerce or in the production of goods for commerce pursuant to Sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s), and had annual gross receipts exceeding $500,000.00.

11. At all relevant times, Defendant RSJ Investments directed and controlled the terms, conditions, activities, duties, and responsibilities of Plaintiffs and similarly situated employees' employment, and hence was their employer under the FLSA.

12. That at all times material hereto, Defendant Ramesh Dadlani, a person of the full age of majority, upon information and belief domiciled and residing in Miami-Dade County, Florida.

13. That at all times material hereto, Defendant Ramesh Dadlani, individually, acted directly in the interests of his employer, the Defendant RSJ Investments, in relation to the Plaintiffs and directed their business activities, and is therefore their employer pursuant to the provisions of 29 U.S.C. § 203(d).

14. Plaintiffs Marilyn Benitez and Maribel Benitez were hired as a non-exempt employee by the Defendants.

15. Plaintiffs Marilyn Benitez and Maribel Benitez frequently worked over forty hours per week, but received little or no overtime pay from Defendants.

16. Defendants therefore violated 29 U.S.C. § 207(a)(1), which provides in pertinent part: "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate. . . ."

17. All records concerning the number of hours actually worked by Plaintiffs are/should be in the exclusive possession and sole custody and control of the Defendants.

18. Plaintiffs' Consent to Join Into Lawsuit are attached hereto an incorporated herein by reference as Exhibit "A".

## COUNT I
## FEDERAL STATUTORY VIOLATION AGAINST DEFENDANT RSJ INVESTMENTS, INC. FOR OVERTIME WAGE VIOLATIONS AS TO MARILYN BENITEZ

19. Plaintiff Marilyn Benitez, incorporates by reference the allegations contained in Paragraphs 1 through 18 of this Complaint.

20. Plaintiff Marilyn Benitez worked for Defendant RSJ Investments from approximately April 14, 2008 through February 24, 2009.

21. 29 U.S.C. § 207 requires the Defendant RSJ Investments pay Plaintiff not less than one and one-half times the employee's regular rate of pay for any hours worked in excess of forty hours per week.

22. Plaintiff Marilyn Benitez's "regular rate" of pay was $9.00 an hour.

23. Plaintiff frequently worked over forty hours in a workweek.

24. However, Defendant RSJ Investments negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay to Plaintiff Marilyn Benitez all overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

25. Pursuant to 29 U.S.C. § 201 et seq., Plaintiff Marilyn Benitez is entitled to recover from Defendant RSJ Investments her unpaid overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, all costs of these proceedings, and attorneys' fees.

26. Wherefore, Plaintiff Marilyn Benitez demands judgment against Defendant RSJ Investments to recover her unpaid overtime compensation, an additional equal amount of liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs from the Defendant RSJ Investments, as provided by 29 U.S.C. §216 to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act – whichever is greater. The Plaintiff requests a trial by jury.

## COUNT II
## FEDERAL STATUTORY VIOLATION AGAINST DEFENDANT RAMESH DADLANI FOR OVERTIME WAGE VIOLATIONS AS TO MARILYN BENITEZ

27. Plaintiff Marilyn Benitez, incorporates by reference the allegations contained in Paragraphs 1 through 18 of this Complaint.

28. Plaintiff Marilyn Benitez worked for Defendant Ramesh Dadlani from approximately April 14, 2008 through February 24, 2009.

29. 29 U.S.C. § 207 requires the Defendant Ramesh Dadlani pay Plaintiff Marilyn Benitez not less than one and one-half times the employee's regular rate of pay for any hours worked in excess of forty hours per week.

30. Plaintiff Marilyn Benitez's "regular rate" of pay was $9.00 an hour.

31. Plaintiff Marilyn Benitez frequently worked over forty hours in a workweek.

32. However, Defendant Ramesh Dadlani negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually, failed to pay to Plaintiff Marilyn Benitez all overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

33. Pursuant to 29 U.S.C. § 201 et seq., Plaintiff Marilyn Benitez is entitled to recover from Defendant Ramesh Dadlani her unpaid overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, all costs of these proceedings, and attorneys' fees.

34. Wherefore, Plaintiff Marilyn Benitez demands judgment against Defendant Ramesh Dadlani to recover her unpaid overtime compensation, an additional equal amount of liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs from the Defendant Ramesh Dadlani, as provided by 29 U.S.C. §216 to be

proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act – whichever is greater. The Plaintiff requests a trial by jury.

### COUNT III
### FEDERAL STATUTORY VIOLATION AGAINST DEFENDANT RSJ INVESTMENTS, INC. FOR OVERTIME WAGE VIOLATIONS AS TO MARIBEL BENITEZ

35. Plaintiff Maribel Benitez, incorporates by reference the allegations contained in Paragraphs 1 through 18 of this Complaint.

36. Plaintiff Maribel Benitez worked for Defendant RSJ Investments from approximately April 14, 2008 through February 25, 2009.

37. 29 U.S.C. § 207 requires the Defendant RSJ Investments pay Plaintiff not less than one and one-half times the employee's regular rate of pay for any hours worked in excess of forty hours per week.

38. Plaintiff Maribel Benitez's "regular rate" of pay was $9.00 an hour.

39. Plaintiff Maribel Benitez frequently worked over forty hours in a workweek.

40. However, Defendant RSJ Investments negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually and as a continuing violation, failed to pay to Plaintiff Maribel Benitez all overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

41. Pursuant to 29 U.S.C. § 201 et seq., Plaintiff Maribel Benitez is entitled to recover from Defendant RSJ Investments her unpaid overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, all costs of these proceedings, and attorneys' fees.

42. Wherefore, Plaintiff Maribel Benitez demands judgment against Defendant RSJ Investments to recover her unpaid overtime compensation, an additional equal amount of liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs from the Defendant RSJ Investments, as provided by 29 U.S.C. §216 to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act – whichever is greater. The Plaintiff requests a trial by jury.

## COUNT IV
### FEDERAL STATUTORY VIOLATION AGAINST DEFENDANT RAMESH DADLANI FOR OVERTIME WAGE VIOLATIONS AS TO MARIBEL BENITEZ

43. Plaintiff Maribel Benitez, incorporates by reference the allegations contained in Paragraphs 1 through 18 of this Complaint.

44. Plaintiff Maribel Benitez worked for Defendant Ramesh Dadlani from approximately April 14, 2008 through February 24, 2009.

45. 29 U.S.C. § 207 requires the Defendant Ramesh Dadlani pay Plaintiff Marilyn Benitez not less than one and one-half times the employee's regular rate of pay for any hours worked in excess of forty hours per week.

46. Plaintiff Maribel Benitez's "regular rate" of pay was $9.00 an hour.

47. Plaintiff Maribel Benitez frequently worked over forty hours in a workweek.

48. However, Defendant Ramesh Dadlani negligently, without good faith, knowingly, intentionally, and/or in bad faith, and continually, failed to pay to Plaintiff Marilyn Benitez all overtime compensation in violation of the FLSA, including 29 U.S.C. § 207(a).

49. Pursuant to 29 U.S.C. § 201 et seq., Plaintiff Maribel Benitez is entitled to recover from Defendant Ramesh Dadlani her unpaid overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, all costs of these proceedings, and attorneys' fees.

50. Wherefore, Plaintiff Maribel Benitez demands judgment against Defendant Ramesh Dadlani to recover her unpaid overtime compensation, an additional equal amount of liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs from the Defendant Ramesh Dadlani, as provided by 29 U.S.C. §216 to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act – whichever is greater. The Plaintiff requests a trial by jury.

Respectfully submitted this 17th day of November, 2009

**DOWNS BRILL WHITEHEAD**
*Attorneys for the Plaintiffs*
55 Miracle Mile, Suite 200
Coral Gables, FL 33134
Telephone No.: (305) 444-8226
Facsimile No.: (305) 444-6773

By: _____
David W. Brill, Esq.
Florida Bar No. 959560
dbrill@dbwlaw.com
Juan M. Garcia, Esq.
Florida Bar No.15258
jgarcia@dbwlaw.com

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

FILED by RCS D.C.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

09-23508

NOV 18 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### I. (a) PLAINTIFFS
MARILYN BENITEZ and MARIBEL BENITEZ

### DEFENDANTS
RSJ INVESTMENTS, INC., d.b.a. Chevron, a Florida corporation, and RAMESH DADLANI, individually

**(b)** County of Residence of First Listed Plaintiff  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David W. Brill, Esq. and Juan M. Garcia, Esq.
Downs Brill Whitehead
55 Miracle Mile, Suite 200, Coral Gables, FL 33134
(305) 444-8226

Attorneys (If Known)  /TORRES

# CIV-GRAHAM

**(d)** Check County Where Action Arose: ☒ DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE 11/17/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 1012054  AMOUNT $350.00  APPLYING IFP ____
11/18/09